# Lake, use of Hall, *v.* Brown.

When it appeared, from the weight of evidence, that a set-off, which was filed against a note, was purchased after notice of assignment, a new trial was awarded by the court for the correction of errors.

IN ERROR from the circuit court of the county of Yallabusha.

BAINE, for plaintiff in error, cited 1 Chit. Pl. 486; Bull. N. P. 181; Cowper, 56; 6 Rand. 519; 19 Com. Law Rep. 241; 14 ibid. 63; Collyer, 626; 6 Term Rep. 488, 493.

*Per Curiam.*

The plaintiff sued on a promissory note, and the defendant set up, as an offset, the notes of the Grenada Savings Institution, Bryarly & Lake being partners in that concern. The jury, it seems, allowed the offset, and the plaintiff moved for a new trial, which was refused.

To constitute a good offset against a note which has been assigned, the defendant must have held such offset before notice of assignment. He cannot afterwards purchase the liabilities of the assignor, and bring them in as offsets. And it makes no difference whether the suit be brought in the name of the assignor for the use of the assignee, or not, the rule is the same. Barbour on Set-Off, 63–4.

It seems that Brown was notified of the assignment in January, 1841. In March or April, 1841, it appears that three members of the savings institution took up what notes Brown, the defendant, then held on the company. This was a strong circumstance, tending to show that he acquired the notes after notice of assignment.

Lake, use of Hall, *v.* Brown.

Another witness testified that he saw the defendant's attorney when he was filing the notes as a set-off, and that he took them to be the same which Brown had received but a short time before, perhaps about four or five weeks before *they were* filed as an off-set. The suit was brought in April, 1841, so that if the notes were received by Brown five weeks before that time, it was after notice of assignment. These circumstances amount to almost positive proof that the offset was obtained after notice of assignment.

On this ground the judgment must be reversed, and a new trial granted.